# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| PETER KERN, SHERI D. KERN, and<br>SDK QUARTER HORSES, L.L.C. | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CASE NO. 4:08cv436 |
| BRUCE C. JACKSON and<br>ANITA K. JACKSON, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Original Complaint for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue to the United States District Court for the Eastern District of Kentucky (Dkt. 7). Having reviewed the motion, the applicable authorities, and the record in this case, the Court finds that the motion to dismiss should be GRANTED and the alternative motion to transfer venue should be DENIED as MOOT.

### BACKGROUND

This is a diversity suit involving lease agreements for two pieces of farm property in Kentucky used for breeding horses. Defendants, who are residents of Kentucky, owned the property. Plaintiffs, who are Texas residents, entered into agreements to lease the Kentucky farms. Apparently, after the lease agreements were signed and after Plaintiffs paid for security deposits and several months rent, Plaintiffs became dissatisfied with the properties. According to Plaintiffs, Defendants corrected some of the problems that they identified, but the properties remained unusable

1

and unacceptable to Plaintiffs. Plaintiffs then terminated the leases and filed this suit for declaratory judgment, breach of contract, and attorneys' fees. Defendants argue that this Court has no personal jurisdiction over them.

### STANDARD

In determining whether it may exercise personal jurisdiction over a nonresident defendant, a court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). If a state's long-arm statute "extends to the limits of federal due process," as Texas's does, the court must only perform a due process analysis. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if (1) the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state" and (2) "the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Wilson*, 20 F.3d at 647).

Minimum contacts may be established through either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists if the defendant has had substantial, continuous, and systematic contacts with the forum state, regardless of whether those contacts are related to the cause of action. *Johnston*, 523 F.3d at 609 (citing *Helicopters Nacionales de Colombia,* 466 U.S. 408, 414-19 (1984)). Specific jurisdiction exists when a nonresident defendant has purposefully directed his activities at the plaintiff and the plaintiff's alleged injuries derive from those activities. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235,

2

243 (5th Cir. 2008) ("Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.") (internal citations omitted); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

The plaintiff bears the burden of proving that the defendant has had minimum contacts with the forum state; however, the plaintiff need only make a *prima facie* showing of such contact. *Johnston*, 523 F.3d at 609 (citing *Wilson,* 20 F.3d at 648). The court must resolve any disputed facts in favor of the plaintiff and a finding of jurisdiction. *Id.* (citing *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990) (internal citations omitted). "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal citations omitted).

If the plaintiff successfully makes a *prima facie* showing of minimum contacts, the burden shifts to the defendant to show "that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)); *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 382 (5th Cir. 2002)).

Under the fairness inquiry, the court examines: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N'Care*, 438 F.3d at 473 (citing *Felch v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996)).

## ANALYSIS

Defendants, who are Kentucky residents, claim that this Court lacks specific and general personal jurisdiction over them. According to the motion and the declaration of Defendant Bruce C. Jackson, Defendants are not licensed to do business in Texas, do not maintain a registered agent in Texas, do not maintain any offices, places of business, post office boxes or telephone listings in Texas, and do not have any employees or representatives in Texas. Additionally, Defendants state that they do not have any real estate, bank accounts, or other interests in real or personal property in Texas. Defendant Bruce Jackson concedes that for the past seven years he has traveled to Texas in connection with his horse consulting business, but states that this business is wholly unrelated to the leases at issue and that the income derived from the any consulting in Texas is a small percentage – approximately 3.5% to 4% – of his annual income. According to the motion, Defendant Anita Jackson has never transacted business of any kind in Texas.

In their motion, Defendants further argue that their only contacts with Texas relating to this case are that they: (1) contracted with Plaintiffs, who are Texas residents and (2) exchanged communications with Plaintiffs, who were in Texas, regarding the subject lease agreements.

4

In response, Plaintiffs argue that, over the past seven years, Defendant Bruce Jackson has personally visited Texas between two to four times per year for business reasons and that he derives income from such visits. Plaintiffs further argue that, because Defendant Anita Jackson is married to Bruce Jackson, she also derives a benefit from his consulting work in Texas. In further support of their *prima facie* case of jurisdiction, Plaintiffs also argue that Defendants entered into a contract with them, knew that Plaintiffs were Texas residents, and faxed, emailed, and sent mail to Plaintiffs in Texas in regards to the lease agreement. Essentially, Plaintiffs urge the Court to examine Defendants' contacts with Texas *in toto* to find that the exercise of jurisdiction here is appropriate. While the Court agrees that each Defendant's conduct should be examined *in toto*, it must examine the totality of each Defendant's conduct separately to determine whether the exercise of jurisdiction is proper as to each. *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 1487, 79 L. Ed.2d 804 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

The Court will first address Plaintiffs' allegations regarding specific jurisdiction. As to both Defendant Bruce Jackson and Defendant Anita Jackson, Plaintiffs argue that Defendants' contacts with Texas residents relating to the lease agreement – including contracting with, faxing, emailing and mailing Peter and Sheri Kern, whom they knew to be Texas residents – are sufficient to confer jurisdiction here. Although it is undisputed in the record that both Anita and Bruce Jackson contracted with Texas residents, the law in this circuit is clear that simply contracting with the resident of a certain state does not confer jurisdiction over that foreign defendant. *Diebold Election Systems, Inc. v. AI Technology, Inc.*, 562 F. Supp.2d 866, 874 (E.D. Tex. 2008). Additionally, "[a]n exchange of communications in the course of developing and carrying out a contract also does not,

by itself, constitute the required purposeful availment of the benefits and protections of Texas law." *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). Similarly, a plaintiff's unilateral activities in a forum state do not constitute minimum contacts with that state where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas. *Id.* Ultimately, Fifth Circuit precedents indicates that this Court must look at the facts alleged and Defendants' contacts to determine whether Texas was the "hub" of the parties' activities. *Id.*

Having reviewed the record before it, the Court finds that Plaintiffs have not sustained their burden in showing that Texas was the hub of the parties' activities. The lease agreements dealt with properties outside of Texas, and there is no evidence that Defendants advertised the properties for lease in Texas or solicited Plaintiffs in Texas. Quite the contrary, it appears that Defendants were approached outside of Texas by a third-party about leasing the properties to Plaintiffs. While Plaintiffs may have been located in Texas while the leases were being negotiated and finalized, the Court is not convinced – under current Fifth Circuit precedent – that these contacts constituted purposeful availment of the Texas forum. In fact, according to Bruce Jackson's declaration (which has not been controverted by Plaintiffs), much of the contact with Plaintiffs was apparently made on a cell phone or via email, which have increasingly been viewed as less convincing indicators of purposeful availment of a particular forum in light of the mobility permitted with both forms of communication. *See, e.g., Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005) ("changes in technology have made reliance on phone calls obsolete as proof of purposeful availment"); *Renoir v. Hantman's Assocs.*, 2006 WL 1007481, *10 (S.D. Tex. 2006) *aff'd*, 230 Fed.

6

Appx. 357, 360 (5th Cir. 2007) ("reliance on telephone calls – and email – can no longer reliably prove purposeful availment, given the fact that technology now permits an individual located anywhere in the world to be reached by a single telephone number or a single e-mail address."). Therefore, Plaintiffs' specific jurisdiction arguments fail as to both Defendants.

The Court also finds that Plaintiffs' general jurisdiction arguments fail. Plaintiffs have asserted that Defendant Bruce Jackson derives a portion of his income from consulting work for clients in Texas.[1] As noted above, Defendants' uncontroverted evidence indicates that approximately 3.5-4% of his total annual income comes from his Texas clients. Defendants have also conceded that Bruce Jackson has traveled to Texas for this consulting business. However, in order for the Court to find general jurisdiction here is proper, his contacts with Texas must be *substantial, continuous, and systematic. Johnston*, 523 F.3d at 609. It is Plaintiffs' burden to show the contacts rise to this level. Given the evidence offered and the authorities relied upon by Plaintiffs (the Court notes that the record indicates a dearth as to both), the Court finds that Plaintiffs have not shown contacts sufficient to confer jurisdiction, nor would the exercise of jurisdiction comport with traditional notions of fair play and substantial justice in light of these contacts.

---

[1] Plaintiffs also argue that this Court can "consider that Dr. Anita Jackson has purposefully availed herself of the benefits of having her husband and business partner derive business in this state." Dkt. 10 at 8. Plaintiffs also claim that "[i]f Dr. Bruce Jackson derives income from his consulting in Texas, then so does Dr. Anita Jackson." Dkt. 10 at 5. The Court wholly rejects Plaintiffs' arguments. Each Defendant's contacts with Texas must be assessed individually, and the Court will not attribute Bruce Jackson's contacts to his wife when conducting the minimum contacts analysis. *See Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 1487, 79 L. Ed.2d 804 (1984).

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' Original Complaint for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue to the United States District Court for the Eastern District of Kentucky (Dkt. 7) is GRANTED as to the motion to dismiss, and the claims against Defendants are dismissed for lack of jurisdiction. The alternative motion to transfer venue is DENIED as MOOT.

**SO ORDERED.**

**SIGNED this 25th day of June, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE